[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12835
Non-Argument Calendar
_____

D.C. Docket Nos. 1:12-cv-21326-KMW; 09-16850-BKC-AJC

In re: ALEJANDRO ANTONINI,

Debtor.
_____

ALEJANDRO ANTONINI,

Plaintiff - Appellant,

versus

FRANKLIN D. DURAN,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 11, 2014)

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Alejandro Antonini appeals the District Court's decision affirming the final judgment of the Bankruptcy Court entered following a bench trial in *In re: Alejandro Antonini*, Case No. 09-15850, and in the adversarial proceeding in *Franklin D. Duran v. Alejandro Antonini*, Case No. 10-03792. In December 2008, Antonini and his company, Venuz Supply, Inc., commenced an involuntary Chapter 7 case against Duran, alleging that Duran was insolvent and owed them, respectively, $281,000 and $360,950. In April 2009, Antonini and Venuz Supply petitioned the Bankruptcy Court for Chapter 7 relief.

The Bankruptcy Court dismissed the Chapter 7 case against Duran without Duran's consent.  Then, in 2010, Duran filed a six-count adversarial complaint against Antonini in *In re: Alejandro Antonini* seeking damages against Antonini for pursuing the involuntary Chapter 7 case against him and asking the Bankruptcy Court to deny Antonini a discharge of his debts.

The court held a two-day bench trial on Duran's adversarial complaint, heard testimony from witnesses, including Antonini and Duran, and entered a final judgment on Antonini's petition for the discharge of his debts and ordering him to pay Duran $185,000 in attorney's fees and costs and $50,000 in punitive damages under 11 U.S.C. § 303(i).  Antonini timely appealed the judgment to the District

2

Court; he challenged the Bankruptcy Court's findings of fact as clearly erroneous and its award of attorney's fees as an abuse of discretion.  The District Court found no merit in either challenge and affirmed the judgment.

The District Court found that the Bankruptcy Court's findings of fact were consistent with its assessment of the evidence at the end of the trial and were fully supported by the evidence.  The court rejected out of hand Antonini's argument that the attorney's fee award lacked evidentiary support because the billing records of Duran's law firm were not admitted into evidence.  The Bankruptcy Court had ample evidence on which to base the award in the form of the testimony of Duran and his expert witness, Charles Throkmorton, which it found credible.  The District Court also rejected Antonini's argument that the evidence failed to support to the punitive damages award.  The Bankruptcy Court awarded Duran punitive damages because if found that Antonini filed the Chapter 7 petition against Duran in "bad faith." As the District Court observed, the record was replete with evidence of bad faith.  For example, the day Antonini filed the Chapter 7 petition, he signed an affidavit stating that Duran's net worth was in excess of $100 million. In the face of that admission and without conducting any due diligence, he filed the Chapter 7 petition. He filed it because, as he put it, it was the "best" way to collect the money

3

Duran purportedly owed him. After that, he failed to establish the validity of the debts Duran allegedly owed him and his company.  Antonini now appeals the District Court's judgment.  He presents to us the arguments he presented to the District Court. Like that court and for the reasons it gave in affirming the Bankruptcy Court's judgment, we find no merit in any of Antonini's arguments. The District Court's judgment is accordingly

AFFIRMED.